**ORDERED** that the instant appeal is **DISMISSED** for lack of jurisdiction.

Sarah Filene **LADD**, Plaintiff,

v.

**FORTIS BENEFITS INSURANCE COMPANY**, Defendant.

No. 1:03 CV 00689.

United States District Court, M.D. North Carolina.

Oct. 29, 2004.

quirements for review of interlocutory orders under collateral order doctrine).

Vance Barron, Jr., Barron & Berry, L.L.P., Greensboro, NC, for Plaintiff.

Thomas D. Garlitz, Garlitz & Williamson, PLLC, Charlotte, NC, for Defendant.

### MEMORANDUM OPINION and ORDER

OSTEEN, District Judge.

Plaintiff Sarah Filene Ladd brings this action against Defendant Fortis Benefits Insurance Co. ("Fortis Benefits") for recovery of unpaid disability benefits, punitive damages, and treble damages because of unfair and deceptive acts or practices in violation of the North Carolina Insurance Law, N.C. Gen.Stat. § 58–63–15.[1] Plaintiff also seeks to recover interest, attorney's fees, and other costs. This matter is now before the court on Defendant's motion to treat Plaintiff's claims as related to an employee benefit plan governed by the Employee Retirement Income Security

---

1. This statute does not create a private cause of action. Instead, Plaintiff seeks recovery for this violation under the North Carolina Unfair Trade Practices Act, N.C. Gen.Stat. § 75–1.1, which provides a private cause of action and allows treble damages.

Act of 1974 (ERISA), to dismiss Counts II and III of the Complaint as preempted by ERISA, and to strike Plaintiff's jury demand because no such right exists under ERISA. For the reasons stated below, Defendant's motion will be granted.

## I. BACKGROUND

The facts are undisputed by the parties.

Plaintiff Ladd was employed by New Garden Friends School, Inc. ("New Garden"). (Compl.¶ 3.) As a New Garden employee, she was covered under a group short-term disability insurance policy issued by Fortis Benefits to New Garden. (*Id.* ¶¶ 4–5.) Ladd applied for and was paid short-term disability benefits for a time, but Fortis Benefits subsequently terminated her benefits. (*Id.* ¶ 7.) Plaintiff appealed the termination of her benefits, but Fortis Benefits upheld the decision. (*Id.* ¶ 8.)

## II. ANALYSIS

Plaintiff brings three claims. Count I seeks to recover unpaid benefits, plus interest, attorney's fees, and other costs. Count II seeks to recover punitive damages for Defendant's willful and wanton tortious conduct in denying benefits. Count III claims Fortis Benefits' actions constitute an unfair claim settlement practice prohibited by N.C. Gen.Stat. § 58–63–15. This third count alleges that such actions are an unfair and deceptive trade practice, entitling Ladd to recover treble damages under the North Carolina Unfair Trade Practices Act, N.C. Gen.Stat. § 75–1.1 *et seq.*

Defendant counters that Ladd's claim is one to recover benefits under an employee benefit plan and is governed by ERISA. ERISA provides the exclusive remedy and preempts any claims for punitive and treble damages. Defendant also argues that ERISA does not allow a jury trial in an action seeking benefits under an employee benefit plan.

### A. ERISA Preemption

#### 1. Plaintiff's Claims

■ Fortis Benefits argues that Ladd's claim is related to an employee benefit plan governed by ERISA, and so her claims in Counts II and III for extracontractual damages are preempted. (Def.'s Br. Supp. Mot. Dismiss at 2–3.) Plaintiff Ladd concedes that Count I is one to enforce her rights under an employee benefit plan and is governed by ERISA. (Pl.'s Resp. Def.'s Mot. Dismiss ¶ 1.) Ladd also concedes that Counts II and III, seeking punitive and treble damages not authorized by ERISA, may be dismissed. (*Id.*) Therefore, Defendant's Motion to Dismiss will be granted as to Counts II and III.

Ladd asks that Count I, a claim under the terms of the policy issued by Fortis Benefits, be treated as an ERISA claim under 29 U.S.C. § 1132(a)(1)(B).[2] Fortis Benefits treats Count I as a § 1132(a)(1)(B) claim in its Motion to Dismiss, arguing that a claim brought under § 1132(a)(1)(B) does not allow the extracontractual damages Plaintiff was seeking in Counts II and III. (*See* Def.'s Br. Supp. Mot. Dismiss at 4.) Because Ladd's request is essentially conceded by Fortis Benefits, Count I will be treated as a claim under § 1132(a)(1)(B).

#### 2. North Carolina General Statutes § 58–63–15

Ladd argues that N.C. Gen.Stat. § 58–63–15, to the extent it is a valid regulation

---

2. The text of § 1132 in subsection (a) reads in part as follows: "A civil action may be brought (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

of insurance, is not preempted by ERISA. (Pl.'s Resp. Def.'s Mot. Dismiss ¶ 3.) Ladd argues this statute establishes the proper standard of claim handling for insurers doing business in North Carolina. (*Id.*) Defendant argues the North Carolina Unfair Trade Practices Act, N.C. Gen.Stat. § 75–1.1, which provides a private cause of action to enforce § 58–63–15, is preempted but does not address whether § 58–63–15 itself is preempted. (*See* Def.'s Br. Supp. Mot. Dismiss at 2–4.) Because this issue cannot be decided in this case on a motion to dismiss, the court will not render any decision regarding ERISA's preemption of N.C. Gen.Stat. § 58–63–15. Plaintiff may renew her request on a motion for summary judgment.

■ One of the goals of ERISA is to provide uniform regulation and national standards for employee benefit plan administration. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 657, 115 S.Ct. 1671, 1677–78, 131 L.Ed.2d 695 (1995). Congress established national standards to reduce the costs of complying with the laws of all states as well as the federal government, and also to prevent conflicts in substantive standards and requirements. *Id.,* 514 U.S. at 656–57, 115 S.Ct. at 1677 (citation omitted). To this end, ERISA contains a broad supersedure provision preempting "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by § 1003 of the Act. 29 U.S.C. § 1144(a). The supersedure provision includes a "savings" clause which limits the extent of preemption or "saves" certain

areas of state law from preemption. This clause provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." *Id.* § 1144(b)(2)(A).

■ To survive preemption, a state law either must be unrelated to an employee benefit plan (and so outside the preemption provision in § 1144(a)), or it must fall into the savings clause in § 1144(b)(2)(A) as a "law ... which regulates insurance." [3] *See Kentucky Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329, 334, 123 S.Ct. 1471, 1475, 155 L.Ed.2d 468 (2003); *Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 190 (4th Cir. 2002). A law "relates to" an employee benefit plan and is preempted under § 1144(a) if it does one of the following: (1) "mandate[s] employee benefit structures or their administration"; (2) "bind[s] employers or plan administrators to particular choices or preclude[s] uniform administrative practices"; or (3) "provide[s] alternative enforcement mechanisms to ERISA's civil enforcement provisions." *Darcangelo,* 292 F.3d at 190 (citing *Travelers,* 514 U.S. at 658–59, 115 S.Ct. at 1678). To be a "law ... which regulates insurance" and fall within the savings clause, a state law must meet a two-part test: (1) it "must be specifically directed toward entities engaged in insurance" and (2) it "must substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Ass'n of Health Plans,* 538 U.S. at 342, 123 S.Ct. at 1479.

Plaintiff argues that N.C. Gen.Stat. § 58–63–15 is not preempted. Under the North Carolina General Statutes, Chapter 58, Article 63, falls into a section "known

---

**3.** The savings clause is itself limited by the "deemer" clause, which states no employee benefit plan governed by the Act "shall be deemed to be an insurance company or other insurer, ... or to be engaged in the business of insurance ... for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts." *Id.* § 1144(b)(2)(B). The deemer clause appears to be irrelevant to the claims in this case.

as the Insurance Law." N.C. Gen.Stat. § 58–1–1. The state's insurance regulation scheme defines "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance," and includes within that definition certain "Unfair Claim Settlement Practices" if those practices occur with "such frequency as to indicate a general business practice." N.C. Gen.Stat. § 58–63–15(11). The statute does not create a private right of action, but "[a] violation of this statute 'as a matter of law constitutes an unfair or deceptive trade practice in violation of N.C. Gen.Stat. § 75–1.1.'" *Bentley v. North Carolina Ins. Guar. Ass'n,* 107 N.C.App. 1, 15, 418 S.E.2d 705, 713 (1992) (citing *Pearce v. American Defender Life Ins. Co.,* 316 N.C. 461, 470, 343 S.E.2d 174, 179 (1986)). Section 75–1.1 may be enforced in a private action and allows recovery of treble damages. N.C. Gen.Stat. § 75–16.

Defendant argues that the enforcement of this state law via N.C. Gen.Stat. § 75–1.1 is preempted, but does not address whether the law itself is preempted. (Def.'s Br. Supp. Mot. Dismiss at 3.) Plaintiff asks not to enforce the statute but to use it as evidence of a standard of conduct for the insurance industry in North Carolina.

At this point, it is unclear how any standard of conduct would relate to Plaintiff's claim. The pleadings do not set out Fortis Benefits' reasons for its decision to deny Ladd's benefits. Ladd alleges in Count I that Fortis Benefits acted "arbitrarily" and "willfully" in delaying a decision on her benefits claim and in denying benefits. (Compl. ¶ 9.) This count will no longer be treated as a breach of contract action but instead as an ERISA action, so specific factual allegations may be added or amended. In Counts II and III, Ladd alleges tortious and unfair and deceptive conduct, but those counts will be dismissed. Because there are no factual allegations on which to assess the preemption of N.C. Gen.Stat. § 58–63–15, the court declines to render a decision. Plaintiff may renew her request in a motion for summary judgment.

### B. Jury Demand

 Fortis Benefits argues Plaintiff's jury demand should be stricken because ERISA does not allow for trial by jury. (Def.'s Br. Supp. Mot. Dismiss at 2–4.) Ladd concedes that she is not entitled to trial by jury. (Pl.'s Resp. Def's Mot. Dismiss ¶ 2.) Thus, Defendant's Motion to Strike Jury Demand will be granted.

### III. CONCLUSION

IT IS ORDERED, for the reasons stated herein, that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint and to Strike Jury Demand [3] is GRANTED in full, and that Plaintiff's request to treat Count I as a federal ERISA claim is GRANTED.